**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: GEMCAP LENDING I, LLC,**
**LITIGATION**                                                    MDL No. 2892

**ORDER DENYING TRANSFER**

**Before the Panel:** Common plaintiff GemCap Lending I, LLC (GemCap) moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of California. This litigation consists of two actions pending in the Northern District of California and the District of Hawaii. Defendant George W. Van Buren opposes centralization.[1] The remaining defendants take no position on whether Section 1407 centralization is appropriate.

Plaintiff's claims against all defendants stem from the same loan issued by GemCap to borrowers who defaulted and are alleged to have fraudulently transferred funds and assets. In similar complaints, plaintiff brings claims against all defendants for aiding and abetting fraud. Plaintiff initially commenced the two actions as a single action in the Northern District of California. After Mr. Van Buren contested personal jurisdiction, the court dismissed the claims against him, which plaintiff then filed in the District of Hawaii.

After considering all arguments, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation. No party disputes that the actions share common factual and legal issues. But there are just two actions involving a single plaintiff, with no indication of more to come. We have denied centralization in similar circumstances,[2] and see no reason to reach a different result here.

Movant argues that Mr. Van Buren has shown no willingness to informally coordinate these actions, but also concedes in a declaration that "there have been no . . . efforts" to "coordinate

---

[1]     Plaintiff argues the Panel should consider the motion to be unopposed, because Mr. Van Buren's opposition was filed by his counsel in California, rather than the Office of the Attorney General for the State of Hawaii, which represents Mr. Van Buren in Hawaii. We decline to do so. Moreover, "[t]he mere absence of opposition to the motion is not reason enough for us to grant it." *In re: Air Crash Near Islamabad, Pakistan*, 777 F. Supp. 2d 1352, 1353 (J.P.M.L. 2011).

[2]     *See In re: Air Crash Near Lake Wales, Florida, on June 7, 2012*, 118 F. Supp. 3d 1374 (J.P.M.L. 2015) (denying centralization of two actions in two districts, which initially were a single action, but the court severed and transferred the claims against certain defendants to another district for lack of personal jurisdiction).

-2-

pre-trial discovery without the need to grant GemCap's motion to transfer."[3]  We do not find Section 1407 centralization is necessary for a minimal number of parties and actions, particularly where the parties have made no effort to informally cooperate.  In our view, such cooperation, and coordination by the two involved courts, is feasible and preferable to formal centralization under Section 1407.  *See In re: Best Buy, Co., Inc. Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011) (Section 1407 "should be the last solution after considered review of all other options").

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.


PANEL ON MULTIDISTRICT LITIGATION


_____
Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

---

[3]      GemCap argues that Mr. Van Buren has not attempted to informally coordinate these two cases, but has not informed the Panel of any steps *movant* has taken to coordinate these actions short of Section 1407 centralization.  Moreover, movant identifies no instance in which Mr. Van Buren's conduct has resulted in overlapping discovery or other pretrial proceedings.  Rather, GemCap's argument seems to rest upon Mr. Van Buren's attempts to dismiss the claims against him.

**IN RE: GEMCAP LENDING I, LLC,**
**LITIGATION**                                                              MDL No. 2892

## SCHEDULE A

<u>Northern District of California</u>

GEMCAP LENDING I, LLC v. UNITY BANK MINNESOTA, ET AL.,
    C.A. No. 4:18-05979

<u>District of Hawaii</u>

GEMCAP LENDING I, LLC v. VAN BUREN, C.A. No. 1:19-00142